## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEFFENBAUGH INDUSTRIES, INC.,

    *Plaintiff,*

vs.                                                                Case No. 20-2204-EFM

THE UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS CITY,
KANSAS,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Deffenbaugh Industries and Defendant Unified Government of Wyandotte County/Kansas City, Kansas have jointly moved for entry of final judgment on Plaintiff's claims seeking (Count I) a declaration that the waste collection contract had effectively terminated, and (Count II) that Section 7.02(b) of the contract was unenforceable.

### I.        Factual and Procedural Background

On December 23, 2021, the Court entered an Order which granted in part and denied in part the parties' summary judgment motions.  The Court determined that the contract had not been terminated, and that Section 7.02(b) was not unenforceable.  This ruling also effectively resolved the Unified Government's Counterclaim Count I, seeking a declaration the contract had not been terminated.  Counterclaim II, seeking a preliminary injunction, is now moot.

The Court determined that material issues of fact precluded summary judgment on the remaining damages claims of the parties (Plaintiff's Count III and Defendant's Counterclaim III).  Both claims require an examinations of what penalties the Defendant properly imposed (or might have imposed) on Plaintiff under Section 7.02(b).

## II.      Legal Standard

Under Rule 54(b), when multiple claims or parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[1]  In deciding a Rule 54(b) motion, the Court must consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[2]  The purpose of the rule is limited: "to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships."[3]  To conclude that a Rule 54(b) certification is appropriate, the Court must make two express findings: "(1) that the judgment is final, and (2) that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case."[4]

---

[1] Fed. R. Civ. P. 54(b).

[2] *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir.2005) (quoting *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7 (1980)).

[3] *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir.2001).

[4] *Id*. at 1242 (citations omitted).

To be final, an order "must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."[5]   Claims are considered disposed of if they are "distinct and separable from the claims left unresolved."[6]   There is no hard-and-fast rule for determining whether claims are separable, but courts should " 'consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible.' "[7]

In deciding if the second element of certification is met, the Court "must take into account judicial administrative interests as well as the equities involved."[8]   The Court should act as a "dispatcher" in weighing the policy of preventing piecemeal appeals against the inequities that could result from a delayed appeal.[9]   "Rule 54(b) is not intended to provide a mechanism for splitting multiple claims into separate lawsuits."[10]  Ultimately, the rule should preserve the " 'historic federal policy against piecemeal appeals.' "[11]   The determination of whether there is no just cause for delay has been characterized as a balancing test that involves weighing the

---

[5] *Okla. Turnpike Auth.*, 259 F.3d at 1242 (quoting *Curtiss-Wright*, 446 U.S. at 7).

[6] *Id*. at 1243.

[7] *Inola Drug, Inc. v. Express Scripts, Inc.,* 390 Fed.Appx. 774, 776 (10th Cir.2010) (quoting *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir.2005)).

[8] *Curtiss-Wright*, 446 U.S. at 8.

[9] *Id*.

[10] *Jordan*, 25 F.3d at 829.

[11] *Id*. (quoting *Curtiss-Wright*, 446 U.S. at 8).

"policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay.' "[12]

### III.    Analysis

**A.    The Court's decisions were final.**

The Court's prior Order is final as to Plaintiff's claims under Counts I and II, as well as Defendant's Counterclaim Count I.   The Court held that the contract had not been terminated, and that the "penalty" clause in  Section 7.02(b) charge was not unenforceable.   The general issue of the enforceability of this provision is distinct from how it was actually applied historically.   The remaining, historical issue involves a series of specific factual questions as to the parties' damages.   These inquiries are separate and distinct from the Court's rulings as to Count I and II.   Nothing more needs to be resolved as to these claims.   Accordingly, the Court's decision was final.

**B.    There is no just reason for delay.**

The Court also finds no just reason for delaying review of the Court's decisions as to Plaintiff's Counts I and II, and Defendant's Counterclaim Count I, which resolved the core of the dispute between the parties.   What remains for trial is highly-particularized fact-finding as to historical missed trash pickups, and the proper penalty to be imposed.

The parties agree that designating the Court's Order as final under Rule 54(b) will as a practical matter substantially advance the resolution of the action.   The Court agrees, finding that an immediate appeal would advance the goals of Rule 54(b) by avoiding unnecessary hardship and promote judicial efficiency. Appellate review would resolve the issues of termination and

---

[12] *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir.1988) (quoting *United Bank of Pueblo v. Hartford Accident & Indent. Co.*, 529 F.2d 490, 492 (10th Cir.1976)).

enforceability; those issues need not be revisited on any subsequent appeal.  Accordingly, there is no danger of piecemeal appeals involving the same issues.  Further, a determination that Section 7.029(b) is unenforceable would directly obviate the need for a trial as to the correct amount of penalties to be imposed under that provision.  And even if the Tenth Circuit agreed with this Court that Section 7.02(b) is enforceable, this could still materially advance the resolution of the matter as a practical matter, by removing a core argument of the Plaintiff.

Because there is no just reason for delay, the Court will enter final judgment as to its ruling on those issues.

## C.    A stay is appropriate.

Although it is not advanced in the caption or in the discussion portion of their brief, the parties conclude their joint motion under Rule 54(b) with a request that the Court stay further proceedings on the remainder of the action until an appeal is resolved.

A court granting relief under Rule 54(b) may stay further proceedings based on its inherent power to manage its docket.  This "power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,' " carries with it "the power to stay proceedings."[13]  That is, the Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." [14]

A stay of further proceedings pending appeal of a Rule 54(b) partial final judgment may be justified where the parties stipulate to the stay, and the court finds that a stay of a remaining

---

[13] *Digital Ally, Inc. v. Taser Internat'l*, 2019 WL 13072873, at *1 (D. Kan. 2019).

[14] *Mediterranean Enterprises, Inc. v. Sangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citation omitted).

counterclaim "serve[s] the interest of judicial efficiency."[15]  Given the findings noted above, the Court hereby stays further proceedings on the remaining issues in the case until further notice from the Court.

**IT IS THEREFORE ORDERED** that the Parties Joint Motion for Entry of Rule 54(b) (Doc. 118) is hereby **GRANTED**; the Court directs the entry of Final Judgment as to Counts I and II of Plaintiff's Complaint and Count I of Defendant's Counterclaim; the court also grants the additional request set forth in the conclusion of the parties' motion, and stays trial of the remaining claims of the parties until the resolution of an appeal taken pursuant to this Order.

**IT IS SO ORDERED**.

Dated this 5th day of July, 2022.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[15] *Digital Ally*, 2019 WL 13072873, at *2.